**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ali Partovi,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Eric Holder, et al.,<br><br>　　　　Respondents. | No. CV09-0713-PHX-SRB<br><br>**ORDER** |

On April 6, 2009, Petitioner filed his Second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention since his last Writ of Habeas Corpus was denied in 2004. The Respondents have responded in opposition and Petitioner filed a reply.

The facts surrounding Petitioner's continued detention are set forth in detail in the Magistrate Judge's Report and Recommendation dated May 4, 2010. It is apparent that the Petitioner's continued detention is entirely his fault. He admits both in his reply and in his response and objection to the Magistrate Judge's Report and Recommendation that he has and will continue to refuse to cooperate with deportation or to sign any travel documents.

When the Supreme Court found that a six-month period of detention after a final order of removal is presumptively reasonable and following this period an alien may only continue to be confined "until it has been determined that there is no significant likelihood of removal

in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). 8 U.S.C. § 1231(a)(1)(C) also permits continued detention when an alien fails or refuses to cooperate in good faith with completing applications for travel or other documents necessary to effect his removal. Admittedly, Petitioner falls into this category. More perplexing however is the Petitioner's refusal to sign two release orders that have been offered to him over the past several years. In March 2007, Petitioner was offered release under an order of supervision that he refused to sign. In May 2009 after filing his habeas petition Petitioner was again offered release under an order of supervision and he refused to sign again. Under these circumstances Petitioner cannot claim that his continued detention is unreasonable or that he is entitled to habeas relief. The Court agrees with the Magistrate Judge that Petitioner's continued detention is a direct result of his long-standing failure to cooperate with or assist in his removal or to sign the necessary documents to be released under supervision until such time as his removal can be effected.

IT IS ORDERED overruling Petitioner's objection to the Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the order of this Court.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability and leave to proceed in forma pauperis on appeal is denied because Petitioner has not made substantial showing of the denial of a constitutional right.

DATED this 17th day of June, 2010.

Susan R. Bolton
United States District Judge